**Beverly J. LINDSAY, Appellant,**

v.

**STATE FARM FIRE & CASUALTY CO., Respondent.**

**No. C7–84–1493.**

Court of Appeals of Minnesota.

April 30, 1985.

Harry N. Ray, Bloomington, for appellant.

Jon Hanson, Minneapolis, for respondent.

Heard, considered and decided by RANDALL, P.J., SEDGWICK and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a judgment finding appellant Beverly L. Lehmann, formerly known as Beverly J. Lindsay, is not entitled to insurance proceeds for stolen items insured by respondent State Farm Fire and Casualty Company because appellant was not the owner of the items. Appellant contends this is a clearly erroneous finding. She also contends the trial judge erroneously granted partial summary judgment in favor of respondent. We affirm.

## FACTS

This case arises out of a burglary loss. The items allegedly stolen were insured by respondent State Farm Fire and Casualty Company. The issue at trial was whether appellant, Beverly Lehmann, was the owner of the stolen items, thus, obligating respondent to pay the replacement costs of these items.

At the time of the burglary, Lehmann was living with her husband and his two daughters in White Bear Lake. The items allegedly stolen included jewelry, 3–M stock, a silverware set, and a coin collection, all of which were contained in a safe

which was kept in Lehmann's bedroom in her White Bear Lake home.

The burglary occurred on a weekend when Lehmann was out of town and knew nobody would be home. Nothing but the safe and its contents was taken. A jewelry box which was sitting on top of a dresser in the same room was not touched, nor was a portable TV. The closet doors and dresser drawers were not opened, nor was there any sign of rummaging through the house.

When the daughters discovered the break-in, they immediately called the police. An officer arrived at the house within 5 minutes. The officer testified that he was surprised to find the glass from the broken window had already been cleaned up, and nothing in the house had been disturbed except the safe.

Just three days before the burglary, Lehmann amended her insurance policy to include more items and to include replacement cost of items insured.

How Lehmann acquired the insured items was disputed at trial. Several times Lehmann's trial testimony contradicted her deposition testimony.

For example, in deposition she testified that a $13,000 lady's ring was given to her by her former husband; at trial she testified that her current husband gave it to her. She was similarly confused over an expensive man's ring, a Bulova wristwatch, and a man's pocket watch among other things.

The trial judge found that Lehmann failed to sustain her burden of proof with respect to ownership of items allegedly stolen. He also found that Lehmann wilfully misrepresented material facts regarding her ownership of such items. Judgment was entered in favor of State Farm Insurance.

## ISSUE

Does the evidence sustain the trial court's findings?

## ANALYSIS

The findings of a trial court sitting without a jury shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Minn.R.Civ.P. Rule 52.01.

There is ample evidence in the record to sustain the trial judge's finding that he did not find Lehmann a credible witness. She changed her story not just once, but several times throughout trial regarding items of substantial cost.

She failed to provide sale receipts for any of the items. Although this is not dispositive of the ownership issue, when considered with the evidence as a whole, the absence of such evidence tends to support the trial court's findings. Lehmann did provide an appraisal of some of the items, however, an appraisal goes to proving worth, not ownership.

Neither Lehmann's stepdaughter, who lived with them, nor Lehmann's mother ever saw Lehmann wearing any of the jewelry she claimed she owned. While this again is not dispositive of the issue, it tends to bolster the trial judge's findings regarding her credibility. Additionally, Lehmann's husband did not testify at trial, although he was available to do so. His deposition, admitted into evidence, indicates that he purchased some of the jewelry. It also indicates that Lehmann's husband has been unemployed for a number of years and was in no financial position to make such purchases.

The fact that the burglary occurred when Lehmann knew the house would be unoccupied and that nothing in the house was disturbed other than the missing safe tends to cast suspicion on Lehmann's testimony. The extremely tidy nature of the burglary also contributes to the judge's disbelief of Lehmann's testimony when viewed with other evidence.

## DECISION

The trial judge was not clearly erroneous in finding appellant was not entitled to insurance proceeds. Affirmed.