**Bruce B. HAY, Respondent,**

v.

**Lucille M. DAHLE, Individually and as a Personal Representative of the Estate of Elma L. Schminkey, Appellant.**

Nos. C2–85–1766, C8–85–1920.

Court of Appeals of Minnesota.

May 13, 1986.

Joel A. Seltz, Mirviss, Seltz, Seltz & Rooney, P.A., Minneapolis, for respondent.

David L. Graven, Larry M. Wertheim, Holmes & Graven, Chartered, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Lucille Dahle appeals from a judgment and amended judgment which determined that she breached her contract with respondent Bruce Hay, awarded Hay compensatory damages of $3,159.70 and attorney's fees, and ordered Dahle to deliver the deed to the north 10.4 feet of Lot 28 in Sheffield Acres, Anoka County. Dahle argues that: (1) the trial court's finding that she agreed to pay delinquent taxes is clearly erroneous; (2) the trial court's finding that she altered the deed is clearly erroneous; and (3) the trial court abused its discretion by awarding attorney's fees pursuant to Minn. Stat. § 549.21 (1984). Hay filed a notice of review claiming the trial court erred in its amended judgment when it withdrew its award of punitive damages. We affirm in part and reverse in part.

## FACTS

On November 16, 1983, Dahle executed a deed to convey Lot 5 and the north 10.4 feet of Lot 28 in Sheffield Acres, Anoka County to Hay. This transfer was part of the settlement of a lawsuit between Hay and Dahle over the purchase option in Hay's rental agreement for the same land.[1]

At the closing Hay issued a check to Dahle for $36,137.30. Hay understood that Dahle would pay the delinquent taxes due on Lot 5 and would then record the deed. Hay said this agreement was reflected in the closing statement where Dahle's attorney added the 1982 and 1983 taxes totaling $3,159.70 to the disbursements column. Hay understood that the taxes would be paid out of his $36,137.30 payment.

Dahle and her attorney testified that they never intended to pay the delinquent taxes on Lot 5. They thought the outstanding taxes were due on the portion of Lot 28 that Dahle retained. When they discovered that there were no outstanding taxes on this portion of the property, the disbursements for taxes on the closing statement were whited out. There was conflicting testimony about whether Hay and his attorney were present when this change was made.

When Dahle and her attorney attempted to record the deed, they discovered there were delinquent taxes on Lot 5. Dahle did not pay the taxes, did not record the deed

1. Both parties have obtained new counsel for this present action.

and did not deliver the deed to Hay. She did keep the entire $36,137.30 payment.

Despite Hay's request, Dahle did not deliver the deed executed at the November 16 meeting to him. Instead, on January 6, 1984, she executed two separate deeds, one conveying Lot 5 and one conveying 10.4 feet of Lot 28. Dahle recorded the deed to the 10.4 feet of Lot 28 and delivered the deed to Hay. Dahle also delivered the Lot 5 deed to Hay without recording it.

On June 20, 1985, the trial court filed its judgment which found that Dahle had willfully breached her agreement with Hay and that Hay was entitled to $3,159.70 in compensatory damages, $500 in punitive damages and attorney's fees. Dahle moved for a new trial and amended findings. The trial court issued an amended judgment on September 19, 1985. This judgment awarded Hay $3,159.70 plus attorney's fees, but withdrew the award of punitive damages. In addition, the judgment concluded that specific performance was the proper remedy and ordered Dahle to deliver the deed to the north 10.4 feet of Lot 28 to Hay.

Dahle appealed from the original judgment, and the amended judgment and order denying a new trial. Only the appeal from the amended judgment and order denying a new trial was timely.

## ISSUES

1. Is the trial court's finding that appellant agreed to pay the delinquent 1982 and 1983 taxes on Lot 5 clearly erroneous?

2. Is the trial court's finding that Dahle filed a deed different than the one executed at closing clearly erroneous?

3. Is the portion of the trial court's amended judgment that orders Dahle to convey the deed to 10.4 feet of Lot 28 clearly erroneous?

4. Did the trial court err when it withdrew the award of punitive damages?

5. Did the trial court abuse its discretion by awarding attorney's fees pursuant to Minn.Stat. § 549.21?

## ANALYSIS

### I.

### Obligation to Pay Delinquent Taxes

Dahle claims that the trial court's finding that she agreed to pay the delinquent real estate taxes on the property being conveyed is clearly erroneous.

When a trial court sitting without a jury makes findings of fact, those findings will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. Due regard is given to the opportunity of the trial court to judge the credibility of the witnesses. *Id.; Lindsay v. State Farm Fire and Casualty Co.*, 366 N.W.2d 409, 410 (Minn.Ct.App. 1985). Where findings of fact are based on conflicting evidence, as in this case, the trial court will be upheld if there is evidence in the record which, if believed, would reasonably support its findings. *Peterson v. Johnston*, 254 N.W.2d 360, 362 (Minn.1977).

■ There was evidence at trial to support the finding that Dahle agreed to pay the taxes. Hay testified that he intended to pay either the increased back rent or the taxes, but not both. Hay's attorney testified that at the closing she indicated there were still delinquent taxes and those amounts were then added to the disbursements in the closing statement. Under these facts, we cannot say the trial court's finding is clearly erroneous.

### II.

### Altered Deed

■ Dahle argues that the trial court erred in finding that she filed a different deed because she never actually altered the deed executed at closing, rather she executed two new deeds that covered exactly the same property.

The trial court found in its amended findings:

7. That Defendant did not record the November 16, 1983, Personal Representative's Deed. Instead, Defendant signed and filed a different deed dated January

25, 1984, which conveyed property legally described as follows:

Lot 5, Sheffield Acres, Anoka County, Minnesota.

The record shows that Dahle did in fact execute two deeds on January 25, 1984, one for Lot 5 and one for 10.4 feet of Lot 28. Only the deed to the 10.4 feet of Lot 28 was recorded. The trial court's finding that a different deed was filed is correct. However, the finding erroneously states that only one deed was executed when in fact two deeds were conveyed that gave Hay exactly the same parcels of land as described in the November 15, 1983 deed.

## III.

### Order for Specific Performance

■ The trial court found that specific performance was the appropriate remedy in this case and made the following order:

Defendant shall give the January 25, 1984, Personal Representative's Deed to Plaintiff. That deed conveys to plaintiff property legally described as follows:

The North 10.4 feet of Lot 28, Sheffield Acres, Anoka County, Minnesota.

After hearing oral arguments and reviewing the record it is our understanding that there were two deeds executed on January 25, 1984, as discussed above. Both of these deeds have been delivered to Hay. Therefore, the order for specific performance is incongruous because it seeks to accomplish something that has already occurred.

## IV.

### Punitive Damages

Hay argues that an award of punitive damages was proper because even though he did not specifically allege fraud in his complaint there were sufficient facts alleged to constitute the independent tort of fraud. In addition, Hay claims that the issue of fraud was litigated by implied consent and therefore should be considered as if raised by the pleadings.

In its original judgment, the trial court awarded Hay $500 in punitive damages. In its amended judgment the trial court withdrew this award because although Hay had implied fraud in his complaint he had not stated specific facts that would constitute fraud.

■ In general, punitive damages under Minn.Stat. § 549.20 (1984) are not recoverable for breach of contract. *Barr/Nelson, Inc. v. Tonto's Inc.*, 336 N.W.2d 46, 52 (Minn.1983). Punitive damages may be recovered, however, if the breach of contract constitutes or is accompanied by an independent willful tort. *Id.* at 53. *See also Olson v. Rugloski*, 277 N.W.2d 385, 388 (Minn.1979). A breach of contract even if intentional, malicious or in bad faith, is not enough to convert a contract action into a tort action. *Barr/Nelson*, 336 N.W.2d at 52–53; *Wild v. Rarig*, 302 Minn. 419, 442, 234 N.W.2d 775, 790 (1975), *cert. denied*, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976).

■ Under Minn.R.Civ.P. 9.02, when a party alleges fraud, the circumstances constituting the fraud must be averred with particularity. The elements of fraud include:

(1) False representations; (2) made with the intent to deceive; (3) plaintiffs took action or refrained from taking action in reliance on these misstatements; (4) resulting in damages; (5) which are proximately caused by the misstatements.

*Atcas v. Credit Clearing Corp. of America*, 292 Minn. 334, 349, 197 N.W.2d 448, 457 (1972). Hay's complaint does not allege facts that would constitute any of these elements. Nor does the record show that the issue of fraud or the facts constituting a finding of fraud were specifically addressed at trial. Under these circumstances the trial court did not err in finding that an award of punitive damages was not warranted because there was no accompanying independent tort.

## V.

### Attorney's Fees

The trial court awarded Hay attorney's fees pursuant to Minn.Stat. § 549.21. In

support of this award the trial court specifically found:

20. That the refusal after the closing of Defendant and Defendant's counsel to pay the 1982 and 1983 taxes and to file the November 16, 1983, deed which caused Plaintiff to file this lawsuit and the answer filed by Defendant in response to Plaintiff's complaint, together with the testimony of Defendant and Defendant's attorney, Mr. Berglund, constituted bad faith on the part of Defendant and Mr. Berglund. Because of this bad faith in the course of this litigation Plaintiff is entitled to reasonable attorney's fees incurred in bringing this litigation.

Under section 549.21, a trial court in its discretion may award attorney's fees to a party if:

the party or attorney against whom * * reasonable attorney * * * fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; [or] asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass * * *.

Minn.Stat. § 549.21 (1984). This statute is applicable only where there has been bad faith as to an issue in litigation. *Barr/Nelson*, 336 N.W.2d at 53. The bad faith must have occurred during the litigation and not only in "the underlying action which is the basis of the suit." *Minnesota-Iowa Television Co. v. Watonwan T.V. Improvement Association*, 294 N.W.2d 297, 311 (Minn.1980).

The trial court, in its memorandum to the original judgment, indicated that Dahle asserted a frivolous defense in response to Hay's complaint when she denied that she was responsible for the delinquent property taxes. The trial court also stated that this assertion was in bad faith.

Our review of the record shows that while the trial court found that Dahle was obliged to pay the delinquent property taxes there was certainly evidence to support the opposite position. In light of the conflicting testimony Dahle's assertions were not without viability. Because there was evidence to support Dahle's position and that evidence was presented and fully litigated at trial, we must conclude that the trial court's award of attorney's fees pursuant to Minn.Stat. § 549.21 was an abuse of discretion.

## DECISION

The trial court did not err in finding that Dahle had agreed to pay the delinquent property taxes. Nor did the trial court err in finding that in January 1984 Dahle executed a deed different than the one executed at the closing. The trial court did err in ordering specific performance because Hay already has possession of the two January 1984 deeds which convey the entire property in question.

The trial court did not err in withdrawing its award of punitive damages. The trial court's award of attorney's fees, however, was in error and we reverse the trial court on this issue.

Affirmed in part and reversed in part.