**PIONEER FUELS, INC., Plaintiff, Appellant and Cross–Appellee,**

v.

**MONTANA–DAKOTA UTILITIES COMPANY, A DIVISION OF MDU RESOURCES GROUP, INC., Defendant, Appellee and Cross–Appellant.**

Civ. No. 900306.

Supreme Court of North Dakota.

Aug. 16, 1991.

James L. Norris (argued), Bismarck, for plaintiff, appellant and cross-appellee.

Bucklin Trial Lawyers, PC, Bismarck, for defendant, appellee and cross-appellant, argued by Leonard H. Bucklin.

GIERKE, Justice.

Pioneer Fuels, Inc. (Pioneer), and Montana–Dakota Utilities Company (MDU), have appealed and cross-appealed from a judgment notwithstanding the verdict, other post-verdict orders, and the judgment entered in Pioneer's suit against MDU for breach of contract, fraud, and exemplary damages. We affirm.

Pioneer was formed in 1985, primarily for the purpose of selling used oil to MDU. Two of Pioneer's incorporators had previously been employed by Econ, Inc., a seller of used oil to MDU. MDU blended used oil with new oil for burning at its Coyote Station, a power plant near Beulah.

Pioneer sued MDU, alleging that MDU breached a contract to buy used oil from Pioneer, that the breach constituted a tort, and that it was entitled to damages for breach of contract, tort, and exemplary damages. Pioneer's third amended complaint alleged, among other things:

### "ARTICLE 3

"On or about August 12, 1985, Pioneer entered into an oral agreement with MDU whereby MDU agreed it would purchase its used oil when needed from Pioneer if Pioneer's price was the lowest bid price on the day of ordering such oil by MDU. Pioneer sent price changes of its used oil to Byron Barden of MDU from August 12, 1985 through May, 1987. On December 16, 1985, MDU partially reduced its oral agreement with Pioneer to writing, in the form of a Blanket Purchase Order covering used oil purchases, for the year 1986. On January 8, 1987, MDU executed a similar Blanket Purchase Order with Pioneer covering the purchase of used oil for the year 1987.... Pioneer's price was the lowest bid price for a portion of the period from August 12, 1985 through May, 1987. During this period of time, MDU purchased 575,295 gallons of used oil.... MDU breached its contract with Pioneer when it did not purchase any used oil from Pioneer from August 12, 1985 through May, 1987 and when MDU purchased its used oil from an unqualified supplier (Econ, Inc.). MDU's conduct to Pioneer was willful, deceitful, fraudulent, malicious, oppressive, negligent and a breach of the implied warranty of good faith and fair dealing.

\*     \*     \*     \*     \*     \*

"ARTICLE 18

"John Verwey, Earl Backhaus and W.W. Kroeber, all employees of MDU, made statements to Pioneer that they would look into why MDU had not purchased used oil from Pioneer since Pioneer had a better quality product and the lowest bid price, and that they would contact Pioneer with an explanation. These statements were made with no intention of being complied with. In fact, they did not conduct any investigation nor did they contact Pioneer with any explanation. These statements were untrue and were meant to mislead Pioneer, which conduct constitutes a willful breach of contract, a breach of the implied warranty of good faith and fair dealing, deceit, fraud, malice, oppression and negligence to Pioneer under the laws of North Dakota."

Articles 10 through 17 alleged that certain statements were made by MDU employees, that the statements were untrue and constituted willful breaches of contract, breaches of the implied warranty of good faith and fair dealing, deceit, fraud, malice, oppression, and negligence.

The jury found that MDU breached a contract to buy used oil from Pioneer, resulting in damages of $76,597.04. The jury found that "MDU's breaching of the contract was done with malice, fraud, deceit or oppression," resulting in damages of $76,-597.04. The jury also assessed exemplary damages of $1,800,000 on the tort claim.

On May 8, 1990, the trial court ordered Pioneer to elect whether to recover contract damages or tort and exemplary damages. On May 9, Pioneer elected to recover tort and exemplary damages. MDU filed motions for j.n.o.v. to dismiss the entire action, to dismiss the contract claim, to dismiss the tort claim, and to dismiss the exemplary damage claim. MDU also filed an alternative motion for a new trial in the event its motions for j.n.o.v. were denied, and filed an alternative motion for relief from judgment if the other motions were denied.

In its memorandum and order on MDU's motions, the trial court ruled, with regard to the contract claim:

"The Court is quite satisfied that the evidence submitted to the jury justifies the verdict on the contract action. A contract is a promise to do or not do a certain thing. The jury could have concluded that a promise was made by MDU through its agents and procedures where it would purchase used oil for the defendant's recurring needs at a price to be determined at the time of ordering. The jury could also have concluded that the plaintiff's price on the dates in question was lowest and by MDU not purchasing, the promise was broken. The value of that promise (contract damages) was within the parameters of the evidence. That portion of the verdict and judgment is upheld by the Court. The defendant's motions on that subject are denied."

With regard to the tort claim, the trial court ruled in part:

"The tort verdict and its damages and the accompanying exemplary damages are unsupported by evidence in this case and are therefore set aside.

"The claim of excessive exemplary damages is moot because of the Court's decision above, but should this court have reached that issue in this case, it would have set aside the exemplary damage award of approximately 25 times the actual/special damages to only double the actual/special damages.

"The defendant's motion for judgment notwithstanding the verdict is ordered granted as to the tort action and the tort claim is ordered dismissed."

The trial court ordered: (1) that Pioneer have judgment for breach of contract in the amount of $76,597.04; (2) that MDU have judgment dismissing Pioneer's claims for tort and exemplary damages; (3) alternatively, that if this court reverses the dismissal of Pioneer's claims for tort and exemplary damages, "that the exemplary damages are determined excessive to the extent that they exceed double the amount of the damages for breach of contract"; and (4) alternatively, that if this court reverses the

"dismissal of plaintiff's claims for tort and exemplary damages, that the Court grants a new trial on such issues." The second amended judgment entered in the action awarded Pioneer $76,597.04 for breach of contract and dismissed its claims for tort and exemplary damages.

Pioneer appealed, claiming that the trial court erred in granting MDU's motion for j.n.o.v., in alternatively ordering a new trial on tort and exemplary damages, and in alternatively limiting exemplary damages to double the amount of actual damages. MDU cross-appealed, asserting in part that there was no contract as a matter of law, that punitive damages were improper, and that the contract damages awarded were excessive.

### 1. Judgment n.o.v.

The trial court found the evidence "insufficient to support either the tort and its damages or the exemplary damages." Pioneer contends that the trial court erred in granting MDU's motions for j.n.o.v. dismissing the tort and exemplary damages claims.[1]

■■■ "A motion for a directed verdict should not be granted unless the moving party is entitled to a judgment as a matter of law." *Knoff v. American Crystal Sugar Co.*, 380 N.W.2d 313, 318 (N.D.1986). "The standard for granting judgment notwithstanding the verdict is precisely the same as the standard for directing a verdict." 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2537 (1971). Whether the evidence is sufficient to create an issue of fact for the jury is a question of law for the court. *Id.*, § 2524. "In ruling on a motion for j.n.o.v., the trial court must view the evidence in the light most favorable to the party against whom the motion is made, without weighing the evidence or judging the credibility of the witnesses, to determine whether or not the evidence leads to but one conclusion as to the verdict, about which there can be no reasonable difference of opinion." *Glatt v. Bank of Kirkwood Plaza*, 383 N.W.2d 473, 479 (N.D.1986). "A mere scintilla of evidence in favor of the opposing party does not preclude the granting of the motion. The ultimate question is whether there is evidence upon which the jury could properly find a verdict for the party against whom the motion is made." *Knoff v. American Crystal Sugar Co., supra*, 380 N.W.2d at 318. On appeal, we examine the trial record and apply the same standard that the trial court was required to apply. *Okken v. Okken*, 325 N.W.2d 264 (N.D.1982). "[I]f the evidence leads to one conclusion, and that conclusion was not reached by the jury, the granting of a judgment notwithstanding the verdict is proper." *Roberts v. Hail Unlimited*, 358 N.W.2d 776, 779 (N.D.1984).

■■■ Exemplary damages are not ordinarily recoverable in actions arising out of a breach of contract. *E.g., Hall GMC, Inc. v. Crane Carrier Corp.*, 332 N.W.2d 54 (N.D.1983); *John Deere Co. v. Nygard Equipment, Inc.*, 225 N.W.2d 80 (N.D.1974); 22 Am.Jur.2d, *Damages* § 751 (1988). Exemplary damages may be recoverable if the breach of contract is or is accompanied by an independent willful tort. *Corwin Chrysler–Plymouth, Inc. v. Westchester Fire Ins. Co.*, 279 N.W.2d 638 (N.D.1979); *Vallejo v. Jamestown College*, 244 N.W.2d 753 (N.D.1976). *See also Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775 (1975); *Johnson v. Radde*, 293 Minn. 409, 196 N.W.2d 478 (1972); *Saltou v. Dependable Ins. Co., Inc.*, 394 N.W.2d 629 (Minn. App.1986); *Hay v. Dahle*, 386 N.W.2d 808 (Minn.App.1986); 22 Am.Jur.2d, *Damages*,

---

1. In its brief, Pioneer asked: "Furthermore, if the trial court was so convinced that there was not sufficient evidence to support a verdict on the torts and exemplary damages, why ... did the court not grant MDU's motion for a directed verdict when both parties had rested?" We have said:

"'It is a better practice to let the case go to a jury verdict because the trial court may then consider postverdict motions on the basis of a complete record, and any appellate court is in a position to reinstate or affirm or modify the verdict, if it disagrees with the trial court's disposition, and another trial may thus be avoided. See 5A Moore's Federal Practice, § 50.05[3].'"

*McCarney v. Knudsen*, 342 N.W.2d 380, 383 (N.D.1983), *quoting Starr v. Morsette*, 236 N.W.2d 183, 189 (N.D.1975).

*supra*, § 752. Tortious conduct must exist independently of the breach of contract and there must be proof of actual damages resulting from the independent tort. 22 Am.Jur.2d, *Damages, supra*, § 752.

> "The independent tort must be separate and distinct from the breach of the contract. While the intentional tort may occur at the time of and in connection with the breach, or may arise out of the same transaction, it is not committed merely by breaching the contract, even if such act is intentional. If it appears that the tort claim is only an alternative theory and a court could not properly enter judgment for compensatory judgment on both the contract and tort theories without granting double recovery, punitive damages should not be awarded."

*Id.* "[T]he general rule against allowing punitive damages in a breach of contract case applies, even though a claim is made that the breach was unjustified, malicious, capricious, or willful." 22 Am.Jur.2d, *Damages, supra*, § 754. "A breach of contract even if intentional, malicious, or in bad faith, is not enough to convert a contract action into a tort action." *Hay v. Dahle, supra*, 386 N.W.2d at 811. "[I]f the alleged obligation to do or not to do something that was breached could not have existed but for a manifested intent [of the parties to a contract], then contract law should be the *only* theory upon which liability would be imposed." *Prosser and Keeton on Torts* § 92, p. 656 (5th ed. 1984). *Cf. Madler v. McKenzie County*, 467 N.W.2d 709, 715 (N.D.1991) ("a mere breach of contract does not, by itself, furnish a basis for liability in tort for negligence").

Viewed in the light most favorable to Pioneer, the evidence shows, at most, that MDU agreed to purchase used oil from Pioneer if Pioneer's price was lowest when MDU ordered oil; that Pioneer's price was lowest at some times between August 12, 1985, and May 1987; that MDU purchased used oil, but never purchased any from Pioneer; and that, despite repeated requests from Pioneer, MDU never explained to Pioneer why it did not purchase any used oil from Pioneer. In our view, Pioneer did not show that it was damaged by MDU's breach of any duty that did not arise from the contract. Pioneer did not show that MDU committed an independent tort, separate and distinct from its breach of contract. From our review of the evidence, we conclude that MDU was entitled to a judgment in its favor on Pioneer's tort and exemplary damage claims as a matter of law because no independent tort was shown. The trial court, therefore, properly granted MDU's motion for j.n.o.v. with regard to Pioneer's tort and exemplary damage claims.

### 2. Contract

MDU contends that, as a matter of law, there was no contract, and that the contract damages awarded were excessive. MDU contends that a new judgment n.o.v. should be entered dismissing Pioneer's contract claim or awarding contract damages of $3,789.

MDU contends that no contract arose because "Pioneer gave no consideration for the alleged promise" and because essential contract terms were indefinite or missing, *i.e.*, the amount of oil to be delivered, the dates of future oil deliveries, and the price at the time of future deliveries.

"Consideration may be defined as any benefit conferred or detriment suffered." *Harrington v. Harrington*, 365 N.W.2d 552, 555 (N.D.1985). "Sufficiency of consideration is a question of law." *Gulden v. Sloan*, 311 N.W.2d 568, 572 (N.D.1981). Both detriment to Pioneer and benefit to MDU are present in this case. Pioneer suffered detriment in preparing for and maintaining its ability to perform the contract. MDU was benefited with an additional source of supply vying for its business. There was sufficient consideration for the contract.

Sections 41–02–22, N.D.C.C., and 41–02–26, N.D.C.C., provide for performance at a reasonable price and at a reasonable time if those terms are left open. The contract was entered into with MDU's used oil needs in mind, against a backdrop of MDU's previous purchases from Econ, Inc.

The jury could have determined that MDU contracted to purchase used oil from Pioneer to meet its needs, with the price to be determined later, if Pioneer's price was the lowest bid when MDU ordered oil. *See* § 41–02–23 (U.C.C. § 2–306), N.D.C.C.

 MDU argues that the contract damages awarded are excessive, contending that "the only evidence of contract damages shows $3,879 as the amount of lost profit on all the sales Pioneer claims." Our review is limited to determining if there is substantial evidence to sustain the verdict. *Roberts v. Hail Unlimited, supra; Smith v. American Family Ins. Co.,* 294 N.W.2d 751 (N.D.1980). We will not engage in "conjecture as to the basis for the jury's verdict" and we will not "make computations to show how the jury arrived at its verdict." *Smith v. American Family Ins. Co., supra,* 294 N.W.2d at 766. "Where it is reasonably certain that substantial damage has resulted, mere uncertainty as to the exact amount will not preclude recovery." *Bergquist–Walker Real Estate, Inc. v. William Clairmont, Inc.,* 333 N.W.2d 414, 420 (N.D.1983). Although, as MDU argues, "Pioneer did *not* introduce evidence of its cost of sales," it did introduce evidence regarding its reliance interest and of reliance expenditures incurred in part performance and in preparation for performance. *See* J. Calamari and J. Perillo, *The Law of Contracts* §§ 14–4, 14–9 (3rd ed. 1987). The contract damages awarded are within the range of the evidence presented and we are not persuaded that they are excessive.

Because we have held that the trial court properly granted j.n.o.v. dismissing Pioneer's tort and exemplary damage claims, that a contract existed, and that the contract damages awarded were not excessive, we need not address other issues raised. "Questions, the answers to which are not necessary to the determination of a case, need not be considered." *Hospital Services, Inc. v. Brooks,* 229 N.W.2d 69, 70 Syllabus ¶ 3 (1975).

Affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.