2002 ND 46

**Danilo DALAN, M.D., Plaintiff and Appellant,**

v.

**PARACELSUS HEALTHCARE CORPORATION OF NORTH DAKOTA, INC., d/b/a Dakota Heartland Health Systems, Defendant and Appellee.**

**No. 20010269.**

Supreme Court of North Dakota.

March 12, 2002.

---

Randolph E. Stefanson (argued) and Bruce A. Schoenwald (on brief), Stefanson, Plambeck, Foss & Fisher, Moorhead, MN, for plaintiff and appellant.

Bernard E. Reynolds of Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, MN, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Danilo Dalan, a medical doctor, appealed a grant of summary judgment dismissing his claims against Dakota Heartland Health Systems for breach of contract, promissory or equitable estoppel, and unjust enrichment. Concluding Dalan has failed to raise genuine issues of material facts on required elements of his claims, we affirm the district court's grant of summary judgment.

I

[¶ 2] Dalan is a physician, board-certified in internal medicine with specialties in allergy and immunology. He entered into a series of contracts with Dakota Heartland Health Systems ("Heartland"), now known as Paracelsus Healthcare Corporation, and its predecessors to provide medical services. In April of 2001, Dalan sued Heartland, alleging he did not receive the compensation promised to him. This dis-

pute involves the most recent contract between the parties.

[¶ 3] In his complaint, Dalan alleged Heartland breached the contract. He also set forth claims of promissory or equitable estoppel and unjust enrichment against Heartland. Heartland asserted Dalan had been paid all of the compensation due under the contract and brought a motion for summary judgment.

[¶ 4] The district court granted Heartland's motion, finding:

> The undisputed facts in the record show that [Heartland] has paid Dr. Dalan all compensation amounts due under the Agreement. As a matter of law, Dr. Dalan is not entitled to additional compensation under any theories asserted in his complaint.

[¶ 5] Dalan appeals, contending he should have been allowed to apply the doctrine of an implied covenant of good faith and fair dealing to give meaning to the Heartland contract, the representations, and promises made to him by Heartland. Dalan also asserts there were disputed factual issues regarding his claims of promissory or equitable estoppel and unjust enrichment. Dalan requests the grant of summary judgment be reversed and the matter be remanded for a trial on the merits.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 7] "Summary judgment is a procedural device for promptly and expeditiously disposing of an action without a trial if either party is entitled to a judgment as a matter of law and if no dispute exists as to either the material facts or the reasonable inferences to be drawn from undisputed facts, or resolving the factual disputes will not alter the result." *Anderson v. Meyer Broadcasting Co.*, 2001 ND 125, ¶ 14, 630 N.W.2d 46. The evidence presented must be viewed "in a light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the evidence." *Ellingson v. Knudson*, 498 N.W.2d 814, 817 (N.D.1993).

> Although the party seeking summary judgment has the burden of showing that there is no genuine issue of material fact, the party resisting the motion may not simply rely upon the pleadings. Nor may the opposing party rely upon unsupported, conclusory allegations. The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact.

> In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment. The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief.

*Anderson*, 2001 ND 125, ¶ 14, 630 N.W.2d 46. When a party fails to establish the existence of a factual dispute on an essential element of his claim, on which he will bear the burden of proof at trial, summary

judgment is appropriate. *Anderson*, at ¶ 15. "Whether the district court properly granted summary judgment is a question of law subject to de novo review." *Rogstad v. Dakota Gasification Co.*, 2001 ND 54, ¶ 10, 623 N.W.2d 382.

### III

[¶ 8] Dalan claims he did not receive the compensation he deserved. The contract between the parties included compensation terms, set forth in section six.

6. Payment to Physician (LESSEE): In consideration of the services to be performed by PHYSICIAN to HOSPITAL under this agreement, Hospital agrees to pay PHYSICIAN eighty-five (85%) of revenue collected for professional fees generated by Dr. Dalan in the hospital. When on-call for the Clinic, professional fees/revenues generated (either inpatient or out-patient) for such call services will be the Clinic's (Lessor) and not be included in calculating compensation due the PHYSICIAN. PHYSICIAN will be paid $1,200 for each weekend of call coverage and $225 for each week day. These payments shall be calculated and paid monthly to the PHYSICIAN by the 10th of the month for the preceding month.

The contract provided the method to be used for any future modifications.

12. Conditions of the parties' Obligations;
   a. Any alterations, variation, modifications, or waivers provisions of this agreement shall be valid only when they have been reduced to writing, duly signed, and attached to the original of this agreement.
   b. No claim for services furnished by the lessee, not specifically provided in the agreement, will be al-lowed by the lessor, nor shall the lessee do any work or furnish any material not covered by the agreement, unless this is approved in writing by the lessor. Such approval shall be considered to be a modification of the agreement.

The contract also contained an integration clause:

14. Entire Agreement; It is understood and agreed that the entire agreement of the parties is contained herein and that this agreement supersedes all oral agreements and negotiations between and parties relating to the subject matter hereof, as well as any previous agreements presently in effect.

An addendum was added to the contract the same day the contract was signed, and it provided, in part:

6. In addition the content of point # 6, it is agreed that terms here can be renegotiated yearly.

[¶ 9] Dalan does not dispute he was paid the amounts outlined in section six of the contract; rather, he claims he was not adequately compensated for his on-call coverage. He also contends Heartland made promises of additional compensation, but he acknowledges none of his discussions with Heartland regarding additional compensation were reduced to writing, as required by section twelve of the contract. Dalan has failed to raise an issue of material fact showing Heartland breached any of the express terms of the contract.

[¶ 10] In the alternative, Dalan argues Heartland breached an implied term of the contract. He argues that the doctrine of an implied covenant of good faith and fair dealing should be applied to his contract with Heartland.

[¶ 11]   In North Dakota the doctrine of an implied covenant of good faith and fair dealing has only been applied to insurance contracts.  *See Fetch v. Quam,* 2001 ND 48, ¶ 12, 623 N.W.2d 357 ("An insurer has a duty to act fairly and in good faith in its contractual relationship with its policyholders."); *see also Barnes v. St. Joseph's Hospital,* 1999 ND 204, ¶ 10, 601 N.W.2d 587 (affirmed the dismissal of an implied covenant of good faith and fair dealing claim in connection with a commercial contract because the plaintiff failed to raise an issue of material fact that the defendant acted in bad faith); *Jose v. Norwest Bank,* 1999 ND 175, ¶ 14, 599 N.W.2d 293 (declined the invitation to apply an implied covenant of good faith and fair dealing into the employment context); *Aaland v. Lake Region Grain Coop.,* 511 N.W.2d 244, 247 (N.D.1994) (declined to recognize a claim based on an implied covenant of good faith and fair dealing); *Hillesland v. Federal Land Bank Ass'n,* 407 N.W.2d 206, 211–15 (N.D.1987) (rejected a claim for a breach of an implied covenant of good faith and fair dealing based on an at-will employment contract).

[¶ 12]   Dalan acknowledges North Dakota case law has rejected claims for a breach of an implied covenant of good faith and fair dealing based on at-will employment contracts, but he argues such a claim has not been expressly rejected when the claim is based on an employment contract for a specific duration of employment. Dalan characterizes his contract with Heartland as an employment contract for a specific duration.   Heartland argues *Hillesland* does not apply because the contract was not an employment contract. Heartland contends Dalan was not a Heartland employee, but rather an independent contractor.

[¶ 13]   We do not need to decide whether Dalan was an employee or an independent contractor, because even if a claim for the breach of an implied covenant of good faith and fair dealing were available, Dalan has failed to show how Heartland breached an implied duty of good faith and fair dealing.  *Barnes v. St. Joseph's Hospital,* 1999 ND 204, ¶ 10, 601 N.W.2d 587.  "The duty to act in good faith 'does not obligate a party to accept a material change in the terms of the contract or to assume obligations that vary or contradict the contract's express provisions,' nor does the duty of good faith 'inject substantive terms into the parties' contract.'"  *Id.* at ¶ 14.  Dalan and Heartland expressly agreed, through the addendum, that the compensation terms "c[ould] be renegotiated yearly."  Dalan alleges the addendum should be interpreted to require Heartland to increase his compensation despite the clear language of the addendum.  Imposing such a duty on Heartland would contradict the express term of the contract that modifications be in writing, and that Dalan's compensation terms could be renegotiated.  It would also require Heartland to accept a material change in the terms of the agreement.  Dalan has failed to show Heartland acted in bad faith.

[¶ 14]   The district court properly dismissed Dalan's breach of contract claim.

IV

[¶ 15]   Dalan also contests the dismissal of the equitable claims he asserted, including promissory or equitable estoppel and unjust enrichment.

A

[¶ 16]   A plaintiff alleging promissory estoppel is required to show:

(1) a promise which the promisor should reasonably expect will cause a change of position by the promisee;

(2) a substantial change in the promisee's position through action or forbearance;

(3) justifiable reliance on the promise; and

(4) injustice which can only be avoided by enforcing the promise.

*Peterson Mechanical, Inc. v. Nereson*, 466 N.W.2d 568, 571 (N.D.1991).

[¶ 17] Dalan has not met the requirements of the second element of promissory estoppel. Dalan continued to provide services for Heartland and did not exercise his option to terminate the contract. Although Dalan's choice to not terminate the contract could be regarded as forbearance, he has not shown a substantial change in his position through his forbearance. *O'Connell v. Entertainment Enters., Inc.*, 317 N.W.2d 385, 390 (N.D. 1982) (continuing employment does not prove the employment would have been terminated if the promises had not been made). Dalan has provided no evidence that he gave up any other opportunities to remain with Heartland. He has not shown a substantial change in his position.

[¶ 18] Dalan has failed to present facts that set forth a claim of promissory estoppel. The district court properly dismissed Dalan's promissory estoppel claim.

### B

[¶ 19] The doctrine of equitable estoppel is set forth in section 31–11–06, N.D.C.C.:

When a party, by that party's own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, that party shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission.

A plaintiff alleging equitable estoppel is required to show the defendant engaged in:

(1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are other than those which the defendant subsequently attempts to assert;

(2) the intention, or at least the expectation, that such conduct will be acted upon by, or will influence, the plaintiff; and

(3) knowledge, actual or constructive, of the real facts.

*Global Acquisitions, LLC v. Broadway Park Ltd. P'ship*, 2001 ND 52, ¶ 13, 623 N.W.2d 442. "Reliance on the conduct of the party against whom equitable estoppel is asserted must be reasonable, and there must be some form of affirmative deception by that party." *Id.*

[¶ 20] Dalan alleges Heartland should not be allowed to deny it made promises to him regarding future compensation. He points to comments made by Louis Kauffman, Heartland's chief executive officer, to show Dalan was promised more compensation. In his deposition, Louis Kauffman stated:

Q. Do you recall saying to Doctor Dalan, "Dan, I know we owe you money. We'll take care of it?"

A. I may have.

Q. Why would you say that?

A. Because at the time I may have thought we did.

Q. Why would you think that?

A. Because we were looking into his question about being paid properly with his contract and I didn't have the final analysis done and would have said something to that effect.

[¶ 21] Viewing Kauffman's statement in the light most favorable to Dalan, the evidence does not show Heartland made any promises to increase Dalan's compensation. The statement merely shows Heartland was reviewing Dalan's compensation. Dalan has not met the requirements of the first element of equitable estoppel. *Global Acquisitions, LLC*, 2001 ND 52, ¶ 13, 623 N.W.2d 442.

[¶ 22] Even if the statement by Kauffman were viewed as a promise to increase Dalan's compensation, Dalan has not set forth evidence to meet the remaining elements of an equitable estoppel claim. *Global Acquisitions, LLC*, 2001 ND 52, ¶ 13, 623 N.W.2d 442. He has not shown any evidence that the alleged promises made by Heartland were made with the intention to influence him; nor has he shown any affirmative deception by Heartland. *Id.* Dalan has not met his burden.

[¶ 23] The district court properly dismissed Dalan's equitable estoppel claim.

## C

[¶ 24] A claim for unjust enrichment does not apply when an express contract exists. *First National Bank of Belfield v. Burich*, 367 N.W.2d 148, 154 (N.D.1985) (error to rely on the theory of unjust enrichment when an express contract exists). Dalan and Heartland had an express contract detailing the compensation Dalan was to receive for on-call duties.

[¶ 25] The district court properly dismissed Dalan's unjust enrichment claim.

## V

[¶ 26] The district court's judgment dismissing Dalan's claims of breach of contract, promissory or equitable estoppel, and unjust enrichment is affirmed.

[¶ 27] VANDE WALLE, C.J., NEUMANN, KAPSNER, JJ. and HODNY, S.J., concur.

[¶ 28] WILLIAM F. HODNY, S.J., sitting in place of MARING, J., disqualified.