2003 ND 185

**Gerald D. FISH, Plaintiff and Appellant,**

v.

**Neil E. DOCKTER, Defendant and Appellee.**

No. 20030080.

Supreme Court of North Dakota.

Dec. 2, 2003.

Gerald D. Fish, pro se, Audubon, MN, plaintiff and appellant; submitted on briefs.

Lolita G. Romanick, Morley Law Firm, Ltd., Grand Forks, ND, for defendant and appellee; submitted on briefs.

SANDSTROM, Justice.

[¶ 1] Gerald D. Fish appealed, pro se, from a summary judgment dismissing his slander action against Neil E. Dockter. We hold the district court did not err in concluding Fish did not raise a genuine issue of material fact requiring a trial on his claim. We also hold the district court afforded Fish a fair hearing on the summary judgment motion, and we affirm.

I

[¶ 2] Gerald Fish was a truck driver with H & R Transfer, Inc. Ron Ristvedt and Roger Hagen own that company and also own Fargo Freightliner, where Neil Dockter, a mechanic, works as the shop manager. On March 17, 2000, Fish brought his H & R truck to Fargo Freightliner for service. Following company policy, Dockter reported to Ristvedt and Hagen that the truck was low on coolant and showed no oil on the dipstick and the truck cab inside was extremely dirty. On March 20, 2000, Fish was terminated by his employer, partly because of poor truck maintenance.

[¶ 3] Fish filed a complaint with the North Dakota Department of Labor, which issued a decision adverse to Fish. Fish also filed a federal OSHA "whistle blower" complaint for wrongful termination. At an administrative hearing on that complaint, Dockter testified regarding Fish's maintenance of the truck. An adverse decision was also rendered against Fish in that action.

[¶ 4] Fish then sued Dockter for slander in state court. Fish claims Dockter's statements about his truck were defamatory toward him. He asserts Dockter's statements that Fish ran the truck six gallons low on oil were false and Dockter admitted while testifying during the administrative proceedings that Fish's truck was only four gallons low on oil. Both parties moved for summary judgment. After a hearing, the trial court granted Dockter's motion and summarily dismissed the lawsuit.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] On appeal, Fish asserts the trial court erred in granting Dockter's motion to summarily dismiss the judgment, because the court decided disputed facts about which Fish was entitled to an evidentiary trial. We consider the merits of Fish's appeal in the posture of summary judgment.

[¶ 7] Summary judgment is a procedural device for promptly and expeditiously disposing of an action without a trial if either party is entitled to judgment as a matter of law and if no dispute exists as to either the material facts or the reasonable inferences to be drawn from undisputed facts, or if resolving the factual disputes will not alter the result. *BTA Oil Producers v. MDU Resources Group, Inc.,* 2002 ND 55, ¶ 11, 642 N.W.2d 873, *cert. denied,* 537 U.S. 974, 123 S.Ct. 436, 154 L.Ed.2d 331 (2002). When a party fails to establish the existence of a factual dispute on an essential element of his claim, on which he will bear the burden of proof at trial, summary judgment is appropriate. *Dalan v. Paracelsus Healthcare Corp.,* 2002 ND 46, ¶ 7, 640 N.W.2d 726. Whether the district court properly granted summary judgment is a question of law subject to de novo review. *Id.*

[¶ 8] Fish claims Dockter defamed him in reporting the condition of Fish's truck to his employer on March 17, 2000, and in testifying at the federal administrative proceedings in December 2000 about the truck's condition. The district court determined Dockter had a qualified immunity that he did not abuse in making the report to his employer and he had an absolute immunity while testifying at the agency proceedings and, therefore, as a matter of law, Fish failed to present a genuine issue of fact on his defamation claim against Dockter.

[¶ 9] Every person has the right of protection from defamation. *Jose v. Norwest Bank North Dakota,* 1999 ND 175, ¶ 23, 599 N.W.2d 293. Under N.D.C.C. § 14–02–04, civil slander is defined:

> Slander is a false and unprivileged publication other than libel, which:
>
> . . . .
>
> 3. Tends directly to injure the person in respect to the person's office, profession, trade, or business, either by imputing to the person general disqualifications in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to the person's office, profession, trade, or business that has a natural tendency to lessen its profits.

[¶ 10] To be defamatory, a statement must be false. *Mr. G's Turtle Mountain Lodge, Inc. v. Roland Township,* 2002 ND 140, ¶ 33, 651 N.W.2d 625. However, there is no liability for defamatory statements that are privileged. *Rykowsky v. Dickinson Public School Dist. No. 1,* 508 N.W.2d 348, 351 (N.D.1993). Privilege is based upon the sound public policy that some communications are so socially important that the full and unrestricted exchange of information requires some latitude for mistake. *Soentgen v. Quain & Ramstad Clinic, P.C.,* 467 N.W.2d 73, 78 (N.D.1991).

[¶ 11] Relevant to this appeal, N.D.C.C. § 14–02–05 defines a privileged communication as one made:

> 2. In any legislative or judicial proceeding or in any other proceeding authorized by law;
>
> 3. In a communication, without malice, to a person interested therein by one who also is interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the

motive for the communication innocent, or who is requested by the person interested to give the information.

## A

[¶ 12] The district court concluded Dockter possessed a qualified privilege for the statements he made to his employer about the condition of Fish's truck. In considering whether an allegedly defamatory statement is subject to a qualified privilege, we undertake a two-step analysis: first, we determine whether the attending circumstances of the communication occasion a qualified privilege, and, if so, we determine whether the privilege was abused. *Richmond v. Nodland*, 552 N.W.2d 586, 589 (N.D.1996). Dockter reported the condition of Fish's truck as part of his duties as shop foreman. As such, the communication was one that was reported by a person interested in the subject matter to another who was also interested in it under circumstances presenting a reasonable ground for supposing the motive of the communication was innocent and without malice. Section 14–02–05, N.D.C.C., specifically provides, "malice is not inferred from the communication or publication." Fish has not made specific allegations or presented evidence in response to the summary judgment motion that would raise a genuine issue as to whether Dockter was acting with malice in making the statements to which Fish objects. When no pertinent evidence on an essential element is presented to the trial court in resistance to a motion for summary judgment, it is presumed no such evidence exists. *Mr. G's Turtle Mountain Lodge, Inc. v. Roland Township*, 2002 ND 140, ¶ 23, 651 N.W.2d 625. We conclude Dockter's communication to his employer falls within the definition of qualified privileged communications under N.D.C.C. § 14–02–05(3).

[¶ 13] Having resolved that a qualified privilege exists, we next analyze whether Dockter abused the privilege. A qualified privilege is abused if statements are made with actual malice, without reasonable grounds for believing them to be true, on a subject matter irrelevant to the common interest or duty. *Richmond v. Nodland*, 552 N.W.2d 586, 589 (N.D.1996). Generally, actual malice and abuse of a qualified privilege are questions of fact. *Soentgen v. Quain & Ramstad Clinic, P.C.*, 467 N.W.2d 73, 79 (N.D.1991). However, where the facts and inferences are such that reasonable minds could not differ, factual issues are questions of law. *Id.* From his own observations, Dockter had reasonable grounds to believe Fish's truck was maintained with low fluid levels and had a dirty cab. Under company policy, he had reason to report it to his employer. We conclude the trial court did not err in deciding Dockter had a qualified privilege that he did not abuse in making statements to his employer about Fish's maintenance of the truck.

## B

[¶ 14] Fish claims Dockter defamed him in testifying at the federal administrative proceedings in December 2000 about Fish's maintenance of the truck. The district court concluded Dockter had an absolute immunity while testifying at those proceedings. Under N.D.C.C. § 14–02–05(2) a communication is privileged when it is made "[i]n any legislative or judicial proceeding or in any other proceeding authorized by law." *See Wagner v. Miskin*, 2003 ND 69, [¶]14, 660 N.W.2d 593. School board meetings are official proceedings authorized by law within the meaning of the statute such that statements made therein are privileged. *Rykowsky v. Dickinson Public School Dist.*

*No. 1,* 508 N.W.2d 348, 351 (N.D.1993). So, too, the governmental process of hearing and granting or denying parole involves parole board meetings, which are proceedings authorized by law that come within the statute. *Pulkrabek v. Sletten,* 557 N.W.2d 225, 228 (N.D.1996). Similarly, the Minnesota Court of Appeals has held that communications incident to and during administrative proceedings are entitled to an absolute privilege. *Kellar v. VonHoltum,* 568 N.W.2d 186, 192 (Minn. Ct.App.1997). We conclude the trial court did not err, therefore, in deciding that statements made by Dockter during the federal administrative hearing were entitled to an absolute privilege.

### III

[¶ 15]  Fish contends the district court denied him a full and fair hearing on his summary judgment motion. In *Anderson v. Meyer Broadcasting Co.,* 2001 ND 125, ¶ 14, 630 N.W.2d 46, we explained the burden of the party seeking summary judgment and of the party opposing it:

> Although the party seeking summary judgment has the burden of showing that there is no genuine issue of material fact, the party resisting the motion may not simply rely upon the pleadings. Nor may the opposing party rely upon unsupported, conclusory allegations. The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact.

> In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment. The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief.

[¶ 16]  Fish has failed to persuasively demonstrate how the district court did not afford him an appropriate opportunity to present his own motion for summary judgment or to oppose the summary judgment motion brought by Dockter. Rule 56(e), N.D.R.Civ.P., explains the nature of the affidavits which are required in supporting a motion for summary judgment and defending against it:

> Supporting and opposing affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit must be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. If a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, must be entered against the adverse party.

The rule does not call for testimony at the motion hearing but rather for supplemen-

tation by depositions, answers for interrogatories, and further affidavits. There is no evidentiary weighing to be done in a summary judgment and, therefore, no reason to challenge affidavits through cross-examination. Fish has not directed the court to any language in the rules requiring the taking of testimony at the motion hearing.

[¶ 17] The court accepted and considered timely filed pleadings and affidavits and afforded the parties a full hearing prior to deciding their cross motions for summary judgment. At the close of Fish's argument at the motion hearing, the following colloquy occurred between Fish and the court:

THE COURT: Proceed.

MR. FISH: Do I—can I cross examine Neil Dockter on his affidavit?

THE COURT: No, you may not.

MR. FISH: Okay. I'm done then. I'll just rest on my briefs.

[¶ 18] Fish did not raise an objection to any of the court's rulings during the motion hearing. We conclude his argument that he was denied a full and fair hearing is without merit.

## IV

[¶ 19] The other issues raised by Fish on this appeal are entirely without merit and do not warrant further discussion. We affirm the summary judgment dismissing Fish's slander action against Dockter.

[¶ 20] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.