**Paul DUTCHUK, Plaintiff and Appellee,**

v.

**BOARD OF COUNTY COMMISSIONERS, BILLINGS COUNTY, North Dakota, Defendant and Appellant.**

**Civ. No. 870341CA.**

Court of Appeals of North Dakota.

May 24, 1988.

Greenwood, Greenwood & Greenwood, P.C., Dickinson, for plaintiff and appellee; argued by Gary D. Ramsey.

Jay V. Brovold (argued), States Atty., Medora, for defendant and appellant.

PER CURIAM.

The Board of County Commissioners of Billings County [Board] appeals from a district court judgment awarding Paul Dutchuk $5,305.11, exclusive of costs and interest, in an eminent domain action. We affirm, award attorney fees, and remand with directions.

Pursuant to Article 1, § 16 of the North Dakota Constitution and Chapter 32–15, N.D.C.C., the Board deposited $1,292 with the Clerk of the Billings County District Court to purchase 3.86 acres of permanent highway right-of-way easement and 1.15 acres of temporary slope easement from Dutchuk for a road improvement project. Dutchuk appealed to the district court, contending that the amount of compensation was inadequate. The parties waived a jury trial and stipulated that the fair market value of the property taken was $1,292, leaving only the issues of severance damages and attorney fees for trial.

At trial Dutchuk presented the testimony of an independent fee appraiser, D.W. Knudson, to support his request for severance damages. Knudson testified that he had conducted "several thousand" land appraisals since 1939. Based on his experience as an appraiser and using a comparable sales approach wherein he placed a before-taking value of $250 per acre and an after-taking value of $230 per acre on the remaining property, Knudson opined that the amount of severance damages incurred because of the taking of Dutchuk's property was $3,074.75.

The Board countered with the testimony of Laura Griffin, the tax director of Billings County for three and one-half years, to support its position that Dutchuk was not entitled to severance damages. Griffin testified that she did not believe that Dutchuk was entitled to severance damages because the improved road would increase the value of his remaining property. Griffin also testified that she had never considered severance damages in any of her appraisals for Billings County because she believed that severance damages occurred only when there was a physical severing of property by a road.

The district court determined that Dutchuk was entitled to $1,292 for the stipulated fair market value of the property taken, $2,895 for severance damages to the remaining property, $962 for attorney fees, and $156.11 for his attorney's actual out-of-pocket expenses. The Board has appealed.

The dispositive issue on appeal is whether the trial court's findings of fact regarding the amount of severance damages are clearly erroneous.[1] The Board asserts that Knudson's appraisal was based on his assumption that severance damages to remaining property always occurred whenever there was a taking and that Knudson "simply pulled a figure out of the air" to support his opinion as to the after-taking value for the remaining property. The Board also asserts that the trial court's findings were based on an erroneous view of the law regarding the distinction between severance and consequential damages.

██ A party claiming damages in a condemnation proceeding has the burden of proof to establish the amount of damages incurred. *E.g., City of Hazelton v. Daugherty*, 275 N.W.2d 624 (N.D.1979). Pursuant to Section 32–15–22, N.D.C.C., the owner of property taken under the power of eminent domain is entitled to compensation for the value of the property taken, plus damages to the remaining property by reason of its severance from that taken. *E.g.,*

*Wishek Investment Co. v. McIntosh County*, 77 N.D. 685, 45 N.W.2d 417 (1950). The generally accepted measure of severance damages is the diminution in market value of the property not condemned, which is the difference in the market value of the remaining property before and after severance from the property taken. *City of Hazelton v. Daugherty, supra.* Although severance damages are not susceptible of precise proof and can only be approximately shown, damage to the remaining property will not be presumed and the landowner must establish by competent evidence that its value has been diminished. *Id.*

██ In this case Knudson testified that he used a comparable sales approach for appraising the property and based his before-taking and after-taking appraisal of the remaining property on his years of experience as an appraiser and his opinion that, although there was presently a house about one-hundred-eighty feet from the new easement, the best location on the remaining property for a homesite was about fifty feet from the easement. Knudson further testified that the value of the remaining property was thus diminished by the location of the best homesite in relation to the easement. We believe that Knudson's testimony, when contrasted with Griffin's testimony about the requisites for awarding severance damages, provided sufficient competent evidence for the trial court to find that the value of Dutchuk's remaining property was diminished by the taking.

Moreover, we do not believe that the trial court's findings of fact were based on an erroneous conception of the law regarding the distinction between consequential and severance damages. In *Little v. Burleigh County*, 82 N.W.2d 603 (N.D.1957), the North Dakota Supreme Court noted the distinction between severance and consequential damages when it stated that severance damages were the diminution in market value of the remaining property caused by its severance from the part tak-

---

1. On appeal the Board has not raised any issue about the award of attorney fees by the trial court.

en whereas consequential damages were damages to the remaining property arising by reason of the use to which the property taken was put. Dutchuk presented sufficient evidence which, if believed, supports a diminution in the value of the remaining property caused by its severance from the part taken as opposed to consequential damages.

The trial court's award of $2,895.00 in severance damages was less than Knudson's appraisal of $3,074.75 and was thus within the range of severance damages testified to by Knudson. *Lineburg v. Sandven*, 74 N.D. 364, 21 N.W.2d 808 (1946). We therefore conclude that the trial court's findings of fact regarding severance damages are not clearly erroneous under Rule 52(a), N.D.R.Civ.P.

Dutchuk also requests costs and attorney fees for defending the judgment on appeal. In support of that request, his counsel has submitted an affidavit requesting $1,853.75 in attorney fees for defending this appeal.

In 1967 the North Dakota Supreme Court concluded that Section 32–15–32, N.D.C.C., did not authorize attorney fees for a trial de novo in the Supreme Court because the Legislature did not intend to extend that section to an appeal. *Frederickson v. Hjelle*, 149 N.W.2d 733 (N.D. 1967) (On petition for rehearing).[2] In 1969 the North Dakota Legislature amended Section 32–15–32, N.D.C.C., to authorize the award of reasonable attorney fees "for all judicial proceedings." We conclude that Section 32–15–32, N.D.C.C., as amended in 1969, is broad enough to authorize reasonable attorney fees for defending this appeal by the Board. *See Carlson v. Dunn County*, 409 N.W.2d 111 (N.D.1987) [attorney fee award in lower court under Section 11–11–39, N.D.C.C., should not be dissipated by uncompensated attorney fees incurred in successfully defending a judg-

ment on appeal]. We believe that reasonable attorney fees for defending this appeal are $1,200, and accordingly, we award Dutchuk $1,200 in attorney fees. Costs shall be taxed against the Board pursuant to Rule 39, N.D.R.App.P.

The judgment is affirmed and attorney fees on appeal are awarded in the amount of $1,200. On remand, the trial court is directed to modify the judgment accordingly.

GARAAS, C.J., and LARRY M. HATCH and WILLIAM M. BEEDE, District Judges, concur.

---

**2.** At the time of the decision in *Frederickson v. Hjelle, supra,* Section 32–15–32, N.D.C.C., provided:

"*32–15–32. Costs.*—The court may in its discretion award to the defendant reasonable actual or statutory costs or both which may include reasonable attorney's fees. In all cases when a new trial has been granted upon the application of the defendant and he has failed upon such trial to obtain greater compensation than was allowed him upon the first trial, the costs of such new trial shall be taxed against him."