1998 ND 123

Gary J. PHILLIPS, Plaintiff and Appellee,

v.

DICKINSON MANAGEMENT, INC., a North Dakota Corporation, Defendant and Appellant.

Civil No. 980012.

Supreme Court of North Dakota.

June 10, 1998.

Eugene F. Buresh, of Ficek & Buresh, P.C., for plaintiff and appellee.

Robert O. Wefald, Bismarck, for defendant and appellant.

MARING, Justice.

[¶ 1] Dickinson Management, Inc., the corporate manager of the Hospitality Inn of Dickinson (Hospitality Inn), appealed from a judgment awarding Gary Phillips damages for wrongful termination of his employment. We hold the jury's finding Phillips was not an atwill employee is unsupported by substantial evidence. We, therefore, reverse and remand for entry of judgment in favor of the Hospitality Inn.

[¶ 2] In December 1993, Phillips was hired to work as a bartender for the Hospitality Inn. Phillips performed his job very well·for about two years. Phillips' temperament suddenly changed. He became withdrawn, and his work became unacceptable to his employer. The evidence shows Phillips was suffering from clinical depression and also had difficulty coping with an infatuation he developed for the Hospitality Inn's bar manager.

[¶ 3] On February 14, 1996, the Hospitality Inn sent Phillips a letter placing him on an indefinite unpaid leave of absence and telling him he would have to seek professional counseling "to consider bringing you back to work." The letter stated Phillips could return to work "[i]f you satisfy our stipulations" and provide "written confirmation from your counselor that these issues are being addressed to a satisfactory conclusion." Phillips received counseling, and on March 25, 1996, sent the Hospitality Inn a letter saying he had addressed the behavioral concerns and was ready to return to work. The Hospitality Inn responded by letter on

March 27, 1996, informing Phillips his employment was being terminated immediately.

[¶ 4] Phillips brought this action seeking damages for wrongful termination. At the close of the case, the Hospitality Inn moved for a judgment n.o.v., claiming there was insufficient evidence for the jury to find Phillips had a specified term employment. The trial court denied the motion. The jury found Phillips was wrongfully terminated and awarded him damages of $27,338.42. The Hospitality Inn appealed.

[¶ 5] On appeal the Hospitality Inn asserts Phillips was an atwill employee whose job could be terminated without cause. It argues the special verdict, finding Phillips was employed for a specified term, is not supported by substantial evidence. In determining whether there is sufficient evidence to create an issue of fact, and hence whether the trial court should grant a judgment n.o.v., the court must determine whether the evidence, when viewed in the light most favorable to the party against whom the motion is made, leads to one conclusion about which there can be no reasonable difference of opinion. *Hector v. Metro Centers, Inc.,* 498 N.W.2d 113, 119 (N.D.1993); *Okken v. Okken,* 325 N.W.2d 264, 267 (N.D.1982).

[¶ 6] We uphold special verdicts on appeal whenever possible and set aside a jury's special verdict only if it is perverse and clearly contrary to the evidence. *Fontes v. Dixon,* 544 N.W.2d 869, 871 (N.D.1996). Our review of fact questions tried to a jury is limited to determining if there is substantial evidence to support the verdict. *Dewey v. Lutz,* 462 N.W.2d 435, 439 (N.D.1990). We view the evidence in the light most favorable to the verdict, and it is only when reasonable people can reach but one conclusion upon review of the issues that the evidence becomes a question of law for the court. *Id.*

[¶ 7] In North Dakota employment without a definite term is presumed to be at will. *Osterman–Levitt v. MedQuest, Inc.,* 513 N.W.2d 70, 72 (N.D.1994). The employment-at-will doctrine is codified at N.D.C.C. § 34–03–01, which provides "[a]n employment having no specified term may be terminated at the will of either party on notice to the other, except when otherwise provided by this title." In an at-will employment the employer can terminate the employee with or without cause. *Bykonen v. United Hospital,* 479 N.W.2d 140, 141 (N.D.1992).

[¶ 8] Phillips testified he was told during the job interview he was being hired for a permanent position and "as long as you want the job, it's yours." Assuming those statements were made to Phillips as he testified, they do not overcome the presumption of at-will employment. *See Hillesland v. Federal Land Bank Ass'n,* 407 N.W.2d 206, 211 (N.D. 1987) (employee's understanding he had "a contract for permanent, lifetime employment" did not raise a material factual issue his employment was for a specified term rather than at-will employment).

[¶ 9] The employment application, which Phillips signed, states:

I understand and agree that, if hired, my employment is for no definite period and may, regardless of the date of payment of my wages and salary, be terminated at any time without any prior notice.

[¶ 10] The Hospitality Inn's employee handbook, which was given to and also signed by Phillips, specifically states:

I have entered into my employment relationship voluntarily and acknowledge that there is no specified length of employment. Accordingly, either [Hospitality Inn] or I can terminate the relationship at will, with or without cause, at any time.

This is clear evidence Phillips was an at-will employee and he was fully aware of it.

[¶ 11] Without objection by either party, the jury was specifically instructed:

... in North Dakota the law specifically provides that "[a]n employment having no specified term may be terminated at the will of either party on notice to the other." The plaintiff, Gary Phillips, has the burden of proving by a preponderance of the evidence that he had a contract of employment for a specified term. A specified term of employment is one that begins and ends on definite dates.

The special verdict form given to the jury is consistent with this instruction. The jury

was asked to decide whether Phillips had a contract of employment for a specified term and, if so, on what date the employment was to end. The jury found Phillips' employment was for a specific term to end on September 23, 1997, the date the jury entered its verdict.

[¶ 12] There is simply no evidence in this record to support the jury's finding Phillips had a specified term employment with the Hospitality Inn. The employment application and employee handbook, which were both signed by Phillips, expressly state Phillips' employment was at will and not for a specific term. There is no relevant contrary evidence to support Phillips' claim he had a specified term of employment. The February 14, 1996 letter telling Phillips he could return to work from his leave of absence if he received counseling and resolved his behavioral problems did not create a contract for a specific term of employment, as defined in the court's instruction.[1] It did not, therefore, alter the at-will status of Phillips' employment with the Hospitality Inn.

[¶ 13] Having reviewed the record in a light most favorable to the jury verdict, we conclude there is no substantial evidence upon which the jury could find Phillips was employed for a specified term. The record evidence allows the factfinder to reach but one conclusion, that Phillips' employment was at will, and the Hospitality Inn could terminate Phillips' employment upon notice, without cause. We, therefore, reverse and remand for entry of judgment in favor of the Hospitality Inn.

[¶ 14] VANDE WALLE, C.J., NEUMANN and MESCHKE, JJ., and RALPH R. ERICKSON, District Judge, concur.

[¶ 15] RALPH R. ERICKSON, District Judge, sitting in place of SANDSTROM, J., disqualified.

---

1. This case was tried to the jury on instructions that Phillips must prove he was employed for a specified term, defined in the instruction as "one that begins and ends on definite dates," and was not an at-will employee. Those jury instructions, given without objection, became the law of the case. *Delzer v. United Bank of Bismarck,* 527 N.W.2d 650, 654 (N.D.1995). The case was not alternatively tried to the jury on estoppel principles or any other legal theory.