2006 ND 116

**CITY OF GRAND FORKS, North Dakota a North Dakota Municipal Corporation, Plaintiff and Appellee**

v.

**HENDON/DDRC/BP, LLC a/k/a Hendon/DDR/BP, LLC, Defendant and Appellant**

Metropolitan Life Insurance Company, Office Depot, Inc., and Southtrust Bank, and any other persons unknown claiming any estate or interest in, or lien or encumbrance upon the property described in the Complaint, Defendants.

No. 20050197.

Supreme Court of North Dakota.

June 1, 2006.

Howard D. Swanson (argued), City Attorney, and John Alan Warcup, Assistant City Attorney, Grand Forks, N.D., for plaintiff and appellee.

Patrick W. Fisher, Fisher, Olson & Juntunen, Ltd., Grand Forks, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Hendon/DDRC/BP, LLC ("Hendon") appealed from a district court judgment entered upon a jury verdict awarding Hendon damages for condemnation of real property. We affirm, concluding that the jury's verdict was supported by the evidence.

I

[¶ 2] Hendon owns a parcel of commercial property, including a two-tenant retail building, near Columbia Mall in Grand Forks. In 1999, Hendon leased part of the building to Office Depot for a period of ten years. The lease included a provision allowing Office Depot to terminate the lease if any of the property within a designated "no change area" was taken by condemnation. Office Depot closed its store at the site on January 3, 2002, but continued to pay rent.

[¶ 3] In 2003, the City of Grand Forks commenced a quick take eminent domain proceeding to condemn a narrow strip of Hendon's property for street and utility improvements. At the time of the taking, the strip of land was utilized as an existing drainage ditch. The City's condemnation of the land did not physically affect the building or parking lot, did not affect access to Hendon's property, and did not divide Hendon's property into two or more parcels. Upon commencing the condemnation action, the City deposited $76,500, representing the City's appraised fair market value of the property taken, with the Clerk of District Court.

[¶ 4] The entire commercial retail building on the property, including the portion leased by Office Depot, was vacant at all times relevant to the taking. Upon learning of the condemnation action, Office Depot notified Hendon that it was exercising its option to terminate the lease effective on the date of the taking. In its answer to the condemnation complaint, Hendon alleged it was entitled to severance damages from the City for the diminution in value of the entire property caused by the loss of the Office Depot lease.

[¶ 5] Hendon and the City stipulated that the value of the property actually taken was $76,500, and the issue of severance damages was tried to a jury. The City presented testimony of two expert witnesses, who testified that Hendon had suffered no severance damages due to the loss of the lease. Hendon's expert witness testified that Hendon had suffered severance damages of $613,500, representing the diminution in value of the entire property caused by the loss of the lease. The jury found that Hendon had suffered severance damages of $61,350.

[¶ 6] Hendon moved for a new trial, alleging that the jury's verdict was insufficient and not supported by the evidence. The trial court determined that the jury's

finding of severance damages of $61,350 was within the range of testimony of the expert witnesses and denied the motion. Judgment on the jury verdict was entered on April 29, 2005.

## II

[¶ 7] The sole issue raised on appeal is whether the jury's determination of the amount of severance damages is supported by the evidence.

### A

[¶ 8] We uphold special verdicts whenever possible and will set aside a jury's special verdict only if it is perverse and clearly contrary to the evidence. *E.g., Moen v. Thomas,* 2004 ND 132, ¶ 11, 682 N.W.2d 738; *Rodenburg v. Fargo–Moorhead Young Men's Christian Ass'n,* 2001 ND 139, ¶ 7, 632 N.W.2d 407; *Phillips v. Dickinson Mgmt., Inc.,* 1998 ND 123, ¶ 6, 580 N.W.2d 148. In reviewing a jury's findings of fact, we view the evidence in the light most favorable to the verdict and determine only if substantial evidence supports it. *Hamilton v. Oppen,* 2002 ND 185, ¶ 25, 653 N.W.2d 678; *Rodenburg,* at ¶ 7. The credibility of expert witnesses and the weight to be accorded their testimony are matters to be determined by the jury. *Barnes v. Mitzel Builders, Inc.,* 526 N.W.2d 244, 246 (N.D.1995). When the sufficiency of the evidence to support a jury verdict is challenged, we will not invade the province of the jury to weigh the evidence or to assess the credibility of witnesses. *Id.; Erickson v. Schwan,* 453 N.W.2d 765, 770 (N.D.1990). We will sustain an award of damages if it is within the range of the evidence presented to the trier of fact. *E.g., Landers v. Biwer,* 2006 ND 109, ¶ 14.

### B

[¶ 9] The owner of property taken by eminent domain is entitled to compensation for the value of the property taken, plus any damages to the remaining property caused by its severance from the property taken. N.D.C.C. § 32–15–22; *Dutchuk v. Board of County Comm'rs,* 429 N.W.2d 21, 23 (N.D.Ct.App.1988). Assessment of severance damages is governed by N.D.C.C. § 32–15–22(2):

The jury, or court, or referee, if a jury is waived, must hear such legal testimony as may be offered by any of the parties to the proceedings and thereupon must ascertain and assess:

. . . .

2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of the improvement in the manner proposed by the plaintiff.

[¶ 10] The determination of damages in a condemnation action is a question of fact to be decided by the trier of fact. *City of Jamestown v. Leevers Supermarkets, Inc.,* 552 N.W.2d 365, 374 (N.D.1996); *City of Devils Lake v. Davis,* 480 N.W.2d 720, 725 (N.D.1992). Damage to the property not taken is not presumed, and the owner has the burden of proof to show that the condemnation has reduced the value of the property not taken. *Davis,* at 725; *Dutchuk,* 429 N.W.2d at 23. This Court summarized the owner's burden of demonstrating severance damages in *City of Hazelton v. Daugherty,* 275 N.W.2d 624, 628–29 (N.D.1979) (citations omitted):

There is no sole measure for determining severance damages as such damages are not susceptible to precise proof and can only be approximately shown by the opinion of witnesses having the

requisite information. The generally accepted best measure of severance damages, however, is the diminution or depreciation of the market value of the property not condemned, which is the difference in the market value of the property not taken before and after the severance from the part taken. Damage to the remainder will not be presumed, and if the landowner fails to show by competent evidence that the value of the remainder has been diminished by the taking, compensation will be limited to the value of the land actually taken, as there cannot be any damage where there is no pecuniary loss. If the property owner wants more than the evidence of condemnor indicates the fair market value to be, he must introduce evidence of value more convincing to the jury than that offered by the condemnor and it is always open to the condemnor to show that special damages will not occur.

██ It is well-settled in this state that a determination of the amount of damages in a condemnation action will be upheld on appeal if it is within the range of the evidence presented to the trier of fact. *E.g., Leevers,* 552 N.W.2d at 375; *Davis,* 480 N.W.2d at 725; *Daugherty,* 275 N.W.2d at 627; *State v. Livingston,* 270 N.W.2d 556, 557 (N.D.1978); *Northern States Power Co. v. Effertz,* 94 N.W.2d 288, 292 (N.D.1958). In this case, Hendon's expert witness testified that Hendon suffered $613,500 in severance damages. The City's experts testified that Hendon suffered no severance damages. The jury's award fell between zero and $613,500, the range of the evidence of severance damages presented at trial.

[¶ 12] Hendon argues that there was no "range" of evidence at all in this case because the City's experts appraised the property at the time the City initially commenced the quick take proceedings, and did not take into consideration Hendon's loss of the Office Depot lease and the effect of loss of that lease on the value of the remaining property. Hendon therefore contends that its appraiser's testimony that the value of Hendon's remaining property had been reduced by $613,500 as a result of the taking was the only appropriate evidence on severance damages before the jury. Hendon does not claim that it objected during the trial to the testimony of the City's expert witnesses, nor does it argue that the trial court erred in admitting the City's experts' testimony on severance damages. Hendon's argument goes solely to the evidentiary weight to be accorded the experts' testimony by the jury. The credibility of expert witnesses and the weight to be accorded their testimony are matters to be determined by the jury, and we will not on appeal reweigh the evidence or reassess the credibility of witnesses. *Barnes,* 526 N.W.2d at 246; *Erickson,* 453 N.W.2d at 770.

██ Furthermore, the City's expert witnesses clarified at trial that the loss of the Office Depot lease did not alter their opinions of the market value of the property and their opinions that Hendon had suffered no severance damages as a result of the taking. In *Davis,* 480 N.W.2d at 724, this Court noted that an expert appraiser's testimony at trial that additional facts, which he learned of after completing his written appraisal, did not alter his original opinion of the value of the property "effectively updated [his] written appraisal." On this record, we conclude that the jury's determination of severance damages fell within the range of the evidence presented at trial, and we will not disturb the jury's finding on appeal.

### III

██ We conclude that the jury verdict is supported by substantial evidence. The judgment is affirmed.

[¶ 15]CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.