# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 54

Northern States Power Company, a Minnesota

corporation, by its Board of Directors,                Plaintiff and Appellee

      v.

Laverne Mikkelson a/k/a Laverne C. Mikkelson Sr.;

Kandi Mikkelson a/k/a Kandi K. Mikkelson,        Defendants and Appellants

        and

SRT Communications, Inc., a North Dakota cooperative

association; Verendrye Electric Cooperative, Inc.,

a North Dakota cooperative association; Brett

Livingston; Lisa Livingston; Jarrod Livingston;

New Prairie Township; and Ward County,                Defendants

### No. 20190227

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice, in which Justice VandeWalle and Surrogate Judge Schmalenberger joined. Justice Tufte filed a dissenting opinion in which Chief Justice Jensen joined.

Patrick D. J. Mahlberg, Minneapolis, MN, for plaintiff and appellee; submitted on brief.

Richard P. Olson, Jessica L. Merchant, and Ryan G. Quarne, Minot, ND, for defendants and appellants; submitted on brief.

# Northern States Power v. Mikkelson, et al.
## No. 20190227

**Crothers, Justice.**

[¶1]   Laverne and Kandi Mikkelson appeal from a district court's award of summary judgment in favor of Northern States Power Company ("NSP") and a denial of their motion to amend the court's judgment. The Mikkelsons assert the court erred when it did not allow them the opportunity to be heard by a jury on their claim for damages in this eminent domain proceeding. We reverse and remand the case for further proceedings.

## I

[¶2]   NSP filed this eminent domain action in May of 2017 to obtain an electrical transmission line easement over the Mikkelson's property. On November 20, 2017, the district court awarded NSP partial summary judgment on the issue of whether the taking was necessary for a public purpose. The only remaining issue was the amount of damages NSP owed the Mikkelsons for the taking.

[¶3]   NSP moved for summary judgment asserting because there was only a partial taking, the proper measure of damages was diminution to the property's fair market value. NSP claimed the Mikkelsons did not provide any competent, admissible evidence to present at trial. NSP supported its motion with transcripts from depositions of Laverne Mikkelson and Roger Cymbaluk, the Mikkelson's expert appraiser.

[¶4]   The following colloquy took place during the hearing on the motion:

> "[NSP's counsel]:   Sure. So let's think about it I guess slightly differently and what would be happening in front of the jury. You have the Mikkelsons will go first, they will attempt to carry their burden of proof. All right. They will have Mr. Mikkelson testify. His testimony is that the property has a before value of $3,000 per acre.

They will have Mr. Cymbaluk testify. Mr. Cymbaluk's testimony is that the property will have a before value of $2,500 an acre. And at that point their case in chief is over.

. . .

[Mikkelson's counsel]: Your Honor, obviously we would disagree with the idea that we are unable to provide admissible testimony regarding the value of the property and an after value. NSP has acknowledged that generally an owner can testify about the value of the property without qualification other than the fact of ownership. But they have selectively chosen portions of Mr. Mikkelson's deposition to eliminate any of Laverne's testimony regarding the value of his property. . . ."

Mikkelson's counsel then cited the following colloquy between Laverne Mikkelson and NSP's counsel, which occurred during a deposition:

"Q. You would agree with me that the presence of the transmission line does not make the market value of the underlying property go to zero; right?

A. No.

Q. It's not free; right?

A. No.

Q. There is some value that is retained even within the new easement area; right?

A. Well, kind of what we went through, I consider the added cost that it's going to cost me every year to do this.

Q. Fine. But what you just told me is even with that in mind that area is not worth zero. It's worth something.

A. Well, to me it's worth zero as far as—because it's going to cost me the same to use it. So for me it's a zero value. I know I said earlier that, no, it wouldn't be zero, but I consider it a zero.

Q. Fine. Do you think the market would—if this property went up for sale, do you think the market would say that that easement acreage is worth zero?

A. Yeah. Do you think I can take that strip and sell it to anybody?

Q. You're not selling the easement strip to anybody. The property goes up for sale as a whole unit. Do you think that the market would respond to that by saying, I know this is a 278-acre piece of land; that said, there's a 13.39 acre easement that is in place, and so I'm not paying a dime for that 13.39 acres, so I will take the market value, [$]3,000 per acre, and I will multiply it by 264—264 acres. That's not the way it works, is it?

A. I think they'll do it the other way. I think they'll just put a lesser value on the whole property.

Q. You think that the entire property is less valuable?

A. Exactly.

Q. By how much?

A. Well, that would have to be determined.

Q. By an appraiser?

A. By an appraiser—

Q. Not by you.

A. —or on a sale.

Q. Right.

A. Yeah.

Q. You can't do it.

3

A. No. Because they definitely wouldn't come in, like you said, [t]his land we aren't going to pay anything for. No, we're going to make the rest of the land worth less.

Q. Right. And that's a fair way of looking at an easement taking is you compare the before value of the entire property with the after value of the entire property; right?

A. Mm-hmm.

Q. And that's what you're saying would be the way that the market would look at your property; right?

A. I believe so, yes."

[¶5] On January 16, 2019, the district court granted NSP summary judgment on the issue of just compensation. Based on the transcripts from depositions, the court concluded the Mikkelsons had not, and could not, provide competent and admissible evidence to meet their burden to prove an amount of damages at trial. The court awarded damages to the Mikkelsons based on NSP's expert's opinion, which was an amount of $10,620.

II

[¶6] The Mikkelsons assert the district court erred when it granted summary judgment. The Mikkelsons argue the court should have allowed them to present evidence at a trial.

"Summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if resolving factual disputes will not alter the result. A party seeking summary judgment bears the initial burden of showing there is no genuine dispute regarding the existence of a material fact. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.] Rather, the party resisting the motion must set forth specific facts by presenting competent, admissible evidence,

4

whether by affidavit or by directing the court to relevant evidence in the record, demonstrating a genuine issue of material fact.

"Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record. On appeal, we decide whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. We view the evidence in the light most favorable to the opposing party and give the opposing party the benefit of all favorable inferences which can be reasonably drawn from the record."

*Jordet v. Jordet*, 2015 ND 76, ¶ 11, 861 N.W.2d 147 (quoting *Hale v. Ward Cnty.*, 2014 ND 126, ¶ 7, 848 N.W.2d 245).

[¶7] "Private property shall not be taken or damaged for public use without just compensation . . . ." N.D. Const. art. I, § 16. When a taking occurs, the property owner is entitled to be paid the fair market value for property that has been taken. *City of Devils Lake v. Davis*, 480 N.W.2d 720, 725 (N.D. 1992). The owner also is entitled to severance damages, which are measured by the depreciation in value to the property not taken. *City of Hazelton v. Daugherty*, 275 N.W.2d 624, 628 (N.D. 1979). The determination of damages caused by a taking is a fact question that "shall be ascertained by a jury, unless a jury be waived." N.D. Const. art. I, § 16; *see also* N.D.C.C. § 32-15-01(1) ("A determination of the compensation must be made by a jury, unless a jury is waived."). The party claiming damages in a condemnation proceeding generally has the burden of proof to establish the amount. *Lenertz v. City of Minot*, 2019 ND 53, ¶ 22, 923 N.W.2d 479; *Cass Cnty. Joint Water Res. Dist. v. Erickson*, 2018 ND 228, ¶ 12, 918 N.W.2d 371.

[¶8] The Mikkelsons argue they provided competent, admissible evidence to survive summary judgment on the issue of just compensation. NSP claims the Mikkelsons have not proffered admissible evidence, as established by their answers to deposition questions, to raise a factual dispute as to the property's fair market value after the easement. The parties disagree as to how various portions of deposition testimony should be interpreted. The Mikkelsons claim

their theory of damages, as stated in their deposition testimony, is that the easement decreased the value of the acres it burdens to zero and that diminution should be spread across the rest of their property to yield the market value after the taking

[¶9] NSP likens this case to *Lenertz v. City of Minot*, 2019 ND 53, 923 N.W.2d 479. Lenertz brought an inverse condemnation proceeding against the City of Minot alleging street and storm water improvements caused flooding of his property that constituted a taking. *Id.* at ¶ 2. The district court held a jury trial to decide the issue of damages. *Id.* at ¶ 3. After hearing testimony, the court found Lenertz was only entitled to damages for a partial taking of his property, and therefore the proper measure of damages would be diminution in value. *Id.* at ¶ 4. The City of Minot moved for a directed verdict, and the court allowed Lenertz to make an offer of proof outside the presence of the jury. *Id.* Lenertz called an expert witness who testified the property had no value. *Id.* The expert testified his opinion was based on the costs it would take to repair the property, although the expert admitted: "I am not an engineer, I am only guessing that it would cost this much to repair the property." *Id.*

[¶10] The district court decided to not allow the expert's proffered testimony into evidence. *Lenertz*, 2019 ND 53, ¶ 4, 923 N.W.2d 479. The court concluded the expert's testimony would be unhelpful to the jury because it was based on an improper measure of damages—i.e. cost of repairs rather than diminution in value—and the expert admitted he had no basis for his testimony. *Id.* Because Lenertz's proffered testimony could not support a finding of damages by the jury, the court entered judgment as a matter of law and dismissed the case. *Id.* at ¶ 5. On appeal, this Court affirmed the district court's grant of judgment as a matter of law. *Id.* at ¶ 28.

[¶11] *Lenertz* is different from the present case. Unlike the testimony in *Lenertz*, the Mikkelsons do not claim their entire property is worthless. Nor do they base their measure of damages on repair costs. Rather, the Mikkelson's theory for damages is that the acreage burdened by the easement has no value and that amount of diminution "taken across the whole of the Subject Property" yields the fair market value after the taking. This is

6

consistent with the proper measure of damages for a partial taking, "which is the difference in the market value of the property not taken before and after the severance from the part taken." *Daugherty*, 275 N.W.2d at 628.

[¶12] The parties do not agree on the amount of damages NSP owes the Mikkelsons. The Mikkelsons claim the easement totally devalues the acreage it burdens. NSP claims the easement devalues the acreage by a lesser amount. The parties' dispute creates a factual issue as to the amount the easement devalued the Mikkelson's property. "The determination of damages in an eminent domain action is a question of fact to be decided by the trier of fact." *Davis*, 480 N.W.2d at 725. "Deciding an issue by summary judgment is not appropriate if the court must draw inferences and make findings on disputed facts." *Desert Partners IV, L.P. v. Benson*, 2016 ND 37, ¶ 10, 875 N.W.2d 510.

[¶13] We conclude the district court erred when it granted summary judgment on the issue of damages.

III

[¶14] The parties' remaining arguments are either without merit or not necessary to our decision. We reverse the district court's order for summary judgment and remand for further proceedings consistent with this opinion.

[¶15] Daniel J. Crothers
    Allan Schmalenberger, S.J.
    Gerald W. VandeWalle

**Tufte, Justice, dissenting.**

[¶16] I respectfully dissent.

[¶17] Under authority provided in statute, Northern States Power (NSP) sought to condemn an easement for an electric transmission line across a 278-acre parcel of agricultural land owned by the Mikkelsons. In response to NSP's motion for summary judgment on the issue of just compensation for the easement, the Mikkelsons argued they had offered sufficient competent admissible evidence on the diminished fair market value resulting from the

7

taking to overcome summary judgment and present the issue of just compensation to a jury. The Mikkelsons also state but fail to develop the argument that they are "entitled under the North Dakota Constitution, and under N.D.C.C. § 32-15-22 to provide this evidence to a jury for a determination on damages." I reserve for another day when the argument is fully briefed the question of whether the state constitution curtails the application of our summary judgment rule to eminent domain cases. N.D. Const. art I, § 16 ("Compensation shall be ascertained by a jury, unless a jury be waived."); *Guerard v. State*, 220 N.W.2d 525, 529 (N.D. 1974) (Knudson, J., concurring) ("I concur in the syllabus and in the reversal of the summary judgment only as I am of the opinion that summary judgment is not appropriate in eminent domain proceedings."); *see Gomez v. Kanawha Cty. Comm'n*, 787 S.E.2d 904, 923-24 (W.Va. 2016) (reversing grant of summary judgment because state constitution required just compensation "shall be ascertained by an impartial jury" and landowner has right under that provision to present her opinion about value); *but see Montgomery Cty. v. Soleimanzadeh*, 82 A.3d 187 (Md. 2013) (reversing by 3-2 vote the intermediate appellate court's determination that constitutional mandate for jury determination of just compensation provided exception to summary judgment rule).

[¶18] The owner of land made the subject of a condemnation proceeding may claim damages in the form of just compensation for the value of the land taken, and may also claim severance damages for a reduction in value for the remainder of a parcel not taken. *City of Grand Forks v. Hendon/DDRC/BP*, 2006 ND 116, ¶ 9, 715 N.W.2d 145 (citing N.D.C.C. § 32-15-22(2)). "Damage to the property not taken is not presumed, and the owner has the burden of proof to show that the condemnation has reduced the value of the property not taken." *Id.* at ¶ 10.

[¶19] The Mikkelsons' brief responding to NSP's summary judgment motion referred the district court to the deposition testimony of Laverne Mikkelson, Kandi Mikkelson, and their appraiser Roger Cymbaluk. As the majority recounts in ¶ 4, Laverne Mikkelson repeatedly testified that the value of the area burdened by the easement was "zero." When asked if he could offer an opinion of the diminished market value of the land after being burdened by the

easement, he said "Couldn't do it." As to the diminished value of the entire parcel, when asked if he had an opinion about how much less the entire property was worth with the easement in place, Laverne Mikkelson responded "No." Kandi Mikkelson stated she had no opinion as to the diminished value independent from that expressed by Laverne Mikkelson.

[¶20] The property interest taken by NSP is an easement for an electric transmission line. The easement burdens 13.39 acres of a larger 278-acre parcel of agricultural land. The only evidence offered by the Mikkelsons as to the amount of damages due for the taking was the entire market value of the 13.39-acre easement corridor. This despite the undisputed fact that the Mikkelsons retain title to the land and the right to continue to use the land for any uses not inconsistent with the easement.

[¶21] This taking is a partial taking because NSP is condemning an easement and not fee simple title to the 13.39 acres. *See Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 627 (Tex. 2002) ("When, as here, only part of the land is taken for an easement, a partial taking occurs."); *United States ex rel. TVA v. 1.72 Acres of Land*, 821 F.3d 742, 756 (6th Cir. 2016) ("It is well established that in a partial takings case such as this, '[t]he correct measure of compensation for an easement, as for any partial taking, is the difference in fair market value of the whole tract before and after the taking.'"). The easement is but one stick in the bundle of sticks to which property rights are often analogized. *Interest of D.D.*, 2018 ND 201, ¶ 10, 916 N.W.2d 765 (quoting *Henderson v. United States*, 575 U.S. 622 (2015)); *Noss v. Hagen*, 274 N.W.2d 228, 234-35 (N.D. 1979) (Pederson, J., concurring specially). Many sticks remain after the easement is taken. The Complaint emphasizes the Mikkelsons "shall have the full use and enjoyment of the easement areas and rights-of-way, so long as said use and enjoyment is consistent with [the easement]." The Mikkelsons did not raise a triable issue of fact by asserting their desire to be paid for all the sticks when only one stick is condemned.

[¶22] The Majority refers twice to severance damages, in ¶ 7 and ¶ 11. The Mikkelsons did not argue either below or on appeal that they are entitled to severance damages for the part not taken. There is no claim for a per-acre loss

in value to the part not taken. The Mikkelsons argue that the 278-acre parcel has a reduced value as a result of the taking. The only evidence they offer to avoid summary judgment, however, is that the value of the larger 278-acre parcel burdened by the 13.39-acre easement corridor is reduced because 13.39 acres are now worth "zero." That is not evidence of severance damages. It merely repackages the Mikkelson's unsupported claim that the easement reduces the value of the burdened strip of land to zero. This cannot be reconciled with *Lenertz v. City of Minot*, 2019 ND 53, 923 N.W.2d 479.

[¶23] In *Lenertz*, we rejected the argument that a landowner may offer only testimony supporting a 100% loss in value as sufficient to raise a fact question for the jury:

> Lenertz argues the district court erred in deciding there was no evidence regarding damages and relies on his own testimony at trial as to his land's value. He asserts there was no adequate remediation, he testified on value and his loss, and he placed a value on the tract. *See Schultz v. Schultz*, 2018 ND 259, ¶ 19, 920 N.W.2d 483 ("An owner of property may testify as to the property's value."). He contends the City's attorney's argument is not evidence or proof and the only evidence of damages was from him as the landowner. He contends that because some damage evidence was presented, the jury had a range of values and the court's judgment as a matter of law was inappropriate.
>
> Here, the district court held judgment as a matter of law was appropriate because no total taking of the property occurred, and because Lenertz did not proffer evidence of damage less than a total devaluation. The evidence established the property had been at most partially taken or damaged by the City's actions. The evidence did not establish a total devaluation of the property. While Lenertz testified he suffered damages, he did not provide more than a general statement about his damages.
>
> Because Lenertz only proffered evidence of total devaluation rather than specific damages, the district court properly granted judgment as a matter of law under N.D.R.Civ.P. 50. The district court did not err in holding the evidence was insufficient to have the jury decide damages.

*Lenertz*, 2019 ND 53, ¶¶ 26-28, 923 N.W.2d 479.

[¶24] Because this case falls squarely within the holding of *Lenertz*, I would affirm.

[¶25] Jerod E. Tufte
    Jon J. Jensen, C.J.

[¶26] The Honorable Allan Schmalenberger, S.J., sitting in place of McEvers, J., disqualified.